### Fereidoon ZAHABI, Respondent–Appellant,

v.

### Janet E. ZAHABI, Appellant–Respondent.

### No. WD 39617.

Missouri Court of Appeals, Western District.

Nov. 1, 1988.

Karon D. Ramsey, Kansas City, for appellant-respondent.

Fereidoon Zahabi, Kansas City, pro se.

Before KENNEDY, C.J., and BERREY and FENNER, JJ.

BERREY, Judge.

This appeal arises out of dissolution proceedings involving the marriage of Fereidoon Zahabi and Janet Zahabi. Only one point remains to be addressed on appeal as the parties have reached a settlement agreement resolving their differences as to the other issues that were pending. Specifically, Janet Zahabi, appellant, challenges the action of the trial court in ordering that certain funds, relating to a double insurance payment, be placed in escrow.

When Fereidoon and Janet Zahabi were married in 1981, each had children from previous marriages. Sean Kirkpatrick, Janet's son, was hospitalized for nearly a year at Heartland Hospital. Fereidoon carried group health insurance through his employer with Connecticut General Life Insurance Company, insuring him and his dependents. Janet carried her group insurance with Blue Cross–Blue Shield, insuring her and her dependents. The trial court found that Connecticut General paid $70,072.24 to Heartland Hospital as a secondary carrier to Blue Cross–Blue Shield upon which a claim was made for identical medical expenses. Pursuant to that claim, Janet received a check from Blue Cross–Blue Shield for $69,250.95. Furthermore, Janet received an additional payment of approximately $2,000 from Blue Cross–Blue Shield for medical services provided on behalf of Sean Kirkpatrick which were included in the claim amount of $6,692.27 paid by Connecticut General for services rendered Sean Kirkpatrick in January and February of 1985.

The payments received by Janet from Blue Cross–Blue Shield were used to pay off the balance of $9,158.94 due Heartland Hospital. Fereidoon received $15,000 of the money. He deposited it in the parties joint account and paid some of the marital debts with it. Janet also paid off some marital debts with the money along with some of her attorney's fees. A money market certificate in Janet's name at KCI Landmark Bank in the amount of $20,100.71 accounted for at least $16,100.71 of the insurance proceeds. A balance of $1,574.44 was found by the trial court to be unaccounted for. The money market certificate is the subject of this appeal.

The trial court further found that as a result of the duplicate payment the parties had incurred a contingent liability and that both parties, "realize that they have been 'overpaid' and that they do not hold the insurance money paid herein as a result of a rightful and proper claim...."

In the Judgment Entry Nunc Pro Tunc of July 14, 1987, the trial court made the following order:

It is ordered as to the Money Market Certificate 0200002577 with K.C.I. Landmark Bank with a current balance of $20,100.71, which was obtained by the inadvertent double payment of insurance proceeds as previously mentioned herein shall be paid with any and all interest into an escrow account with the Circuit Clerk of Platte County, Missouri, and Petitioner and Respondent are ordered to

notify in writing their respective insurance companies of the "over payment situation" and of the deposit in escrow of the foregoing sum. It is further ordered that the parties provide the Court copies of their correspondence to their respective insurance companies.

The Court will not allow the parties to perpetuate nor continue a fraud, nor will the Court divide property that, apparently from the testimony presented herein, rightfully belongs to neither Petitioner nor Respondent.

The trial court went further and ordered that in the event that a claim is filed against both or either of the parties as a result of the duplicate insurance claims, "then each party shall be jointly, equally, and severably liable for said claim."

Appellant contends that the trial court erred in finding that the parties have liability for the duplicate payment. Error is also alleged in the trial court's order that the funds be placed with the circuit court of Platte County, as no insurer was a party to the proceeding, and, thus, the court acted without jurisdiction. Essentially, appellant is correct in her assertion.

■ Respondent filed no brief with the court and appellant's brief is woefully inadequate in addressing the issue presented. No exhibits were filed by the appellant, but after examination of the lengthy transcript, it is evident that the trial judge did exceed his authority.

■ It is mandated by section 452.330.1, RSMo 1986, that the trial court, in a proceeding for dissolution of marriage, "divide the marital property in such proportions as the court deems just after considering all relevant factors...." The money market certificate is certainly marital property under section 452.330.2, RSMo 1986, as it does not fit any of the listed exceptions in the statute. When full disposition of the marital property has not been made, then the trial court has not exhausted its jurisdiction and, thus, there exists no final appealable judgment. *In Re Marriage of Adamson,* 680 S.W.2d 425, 428 (Mo.App. 1984). In these circumstances, an appellate court has no jurisdiction. *Frame v. Frame,* 696 S.W.2d 332, 334 (Mo.App.1985).

In the instant case, the trial court failed to properly and finally dispose of the marital property. While the actions of the trial court in protecting the possible interests of the third parties are understandable, they are simply not supportable. No insurance company was joined as a party to the case. No claim has of yet been made on the money in question. Joinder of third parties is perfectly permissible and necessary where such parties hold or claim an interest in the property in a dissolution proceeding. *See Ravenscroft v. Ravenscroft,* 585 S.W.2d 270 (Mo.App.1979). It is improper, however, for the trial court to anticipate such a claim. It should also be noted that a division of this property does not foreclose possible action by a third party on whatever claims they may have, as their rights are not being determined.

The court in *Ravenscroft* stated: "An essential requirement of a judgment is that it be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. To comply with this requirement, the judgment must adjudicate the controversy to a conclusion which permits issuance and processing of an execution without external proof or another hearing." *Id.* at 273.

The judgment entered by the trial court in the instant case failed to meet this requirement as it is dependent on some future nebulous actions concerning the parties corresponding with these insurance companies. So too, is it improper for the trial court to decide the liabilities of the parties in regard to possible future claims of the money in question. That issue is not before the court at the present time.

Because the trial court did not make a full disposition of the marital property as mandated by section 452.330.1, RSMo 1986, the judgment of the trial court is not final and, hence, not appealable. Thus, the appeal is dismissed.

All concur.